IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

    Plaintiff,

v.

HOMER BRYSON, ET AL.,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-57

## ORDER

Presently before the Court are Plaintiff's Objections, (doc. 12), to the Magistrate Judge's Report and Recommendation dated January 19, 2017, (doc. 10). Plaintiff also filed a Motion to Consolidate, a Motion for Reconsideration of the Magistrate Judge's Order denying Plaintiff *in forma pauperis* status and his Motion to Expedite, and a Motion to Certify. (Docs. 13, 14, 15.) After an independent and *de novo* review of the record, the Court **OVERRULES** Plaintiff's Objections, **CONCURS** with the Magistrate Judge's Report and Recommendation, and **ADOPTS** that Report and Recommendation, as supplemented herein, as the opinion of the Court. The Court **DISMISSES** Plaintiff's Complaint **without prejudice** pursuant to 28 U.S.C. § 1915(g), **DISMISSES as moot** Plaintiff's Motions for Preliminary Injunction, (docs. 4, 5, 6), and **DIRECTS** the Clerk of Court to **CLOSE** this case. The Court **DENIES** Plaintiff *in forma pauperis* status on appeal. In addition, the Court **DENIES** Plaintiff's Motion to Consolidate, Motion for Reconsideration, and Motion to Certify.

## BACKGROUND

Plaintiff submitted a 114-page, 542-paragraph Complaint and named 83 individuals as Defendants. (Doc. 1.) Plaintiff stated the tenets of his religion require him to have a beard, yet all inmates were required to be clean-shaven. Plaintiff contended he was either forced to shave or was forcibly shaven with broken and/or unsanitized equipment, even after this equipment was used on other inmates who were HIV ("Human Immunodeficiency Virus") or hepatitis positive on ten (10) occasions between late 2012 and 2014 and on "other occasions." (Id. at pp. 15–16.) The latest date Plaintiff contended he was forcibly shaven with a razor lacking a razor guard was on March 20, 2015. (Id. at p. 23.) Plaintiff asserted he was threatened with being shaved (but was not actually shaved) in February and March 2016, even though his beard was in compliance with policy. (Id. at p. 31.) Plaintiff also set forth a litany of other unrelated claims, such as his prayer oil was confiscated and that he has been denied access to: a law library; his stored legal materials; photocopies; nutritionally-adequate food; flushing toilets; cleaning supplies; religious feasts in 2014 and 2015; religious and legal publications; and religious services while he was in lockdown. (Id. at pp. 45, 67–81, 83, 85–102.) Plaintiff asserted his property was confiscated, in violation of his right to due process. Plaintiff also asserted his access to the grievance procedures was obstructed. (Id. at pp. 104–06.) Plaintiff stated he is not a "three-striker" within the meaning of 42 U.S.C. § 1915(g), that the three strikes provision is unconstitutional because it infringes on his First Amendment rights, and he was in imminent danger of serious physical injury because "Defendants" were forcing him to shave or forcibly shaving him with broken and/or unsanitized equipment. (Id. at p. 113.)

In reviewing Plaintiff's Complaint, the Magistrate Judge noted: A prisoner such as Plaintiff attempting to proceed *in forma pauperis* in a civil action in federal court must comply

2

with the mandates of the Prison Litigation Reform Act ("PLRA"). Pertinently, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(Doc. 10, p. 6.) With this provision in mind, the Magistrate Judge found Plaintiff has accumulated more than the three strikes under Section 1915(g): 1) Daker v. NBC, et al., No. 15-330 (2d Cir. May 22, 2015), ECF No. 35 (noting Plaintiff's appeal "lacks an arguable basis either in law or in fact" and quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.")); 2) Daker v. Warren, No. 13-11630-B (11th Cir. Mar. 4, 2014) (appeal dismissed after finding it frivolous); 3) Daker v. Mokwa, 2:14cv395-UA-MRW (C.D. Cal. Feb. 4, 2014), ECF No. 2 (complaint dismissed as being frivolous, malicious, or failing to state a claim); 4) Daker v. Robinson, 1:12-cv-00118-RWS (N.D. Ga. Sept. 12, 2013) (Plaintiff's complaint dismissed based on his failure to follow a court order); and 5) Daker v. Dawes, 1:12-cv-00119-RWS (N.D. Ga. Sept. 12, 2013) (same). (Id. at p. 9.) The Magistrate Judge also determined that Plaintiff's allegations did not rise to the level of meeting the imminent danger exception, and thus, Plaintiff should not be allowed to proceed with his cause of action without paying the entire filing fee. (Id. at pp. 10–11.) Accordingly, the Magistrate Judge recommended Plaintiff's Complaint be dismissed without prejudice.

Plaintiff filed Objections to the Magistrate Judge's findings and recommended disposition of the Complaint, as well as other Motions. The Court addresses Plaintiff's pleadings in turn.

## I. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 12)

Plaintiff contends he is not a three-striker within the meaning of Section 1915(g). Plaintiff alleges that, to the extent the Court finds he is a three-striker, he meets the imminent danger of serious physical injury exception. Additionally, Plaintiff asserts that the three strikes provision is unconstitutional, as applied to him. (Doc. 12.)

### A. Whether Plaintiff is a Three-Striker

Plaintiff maintains that four of the five cases the Magistrate Judge found to be strikes under Section 1915(g) are not strikes. Specifically, Plaintiff asserts the cases numbered 1:12-cv-118 and 1:12-cv-119 arising out of the Northern District of Georgia are not strikes because these cases were dismissed based on Plaintiff's failure to pay the requisite filing fee. Plaintiff contends these cases were dismissed without prejudice, and the dismissals were not based on his complaints being frivolous or malicious or failing to state a claim. (Id. at pp. 2–4.) Plaintiff states his appeal with the Second Circuit Court of Appeals in Case Number 15-330 is not a strike because this appeal was dismissed under collateral estoppel, which was in turn based on a case arising from the Northern District of Georgia that was later determined not to be a strike. (Id. at p. 5.) Finally, Plaintiff asserts his appeal in the Eleventh Circuit Court of Appeals in Case Number 13-11630 should not be counted as a strike because the Eleventh Circuit remanded the district court's determinations on the motions for summary judgment. (Id. at p. 6.)

### (1) Cases Numbered 1:12-cv-118 and 1:12-cv-119 (N.D. Ga.)

Plaintiff contends these two dismissals should not count as strikes because these cases were not dismissed as being frivolous, malicious, or failing to state a claim. Rather, Plaintiff maintains these cases were dismissed without prejudice based on his failure to pay the requisite filing fee.

Contrary to Plaintiff's contentions, the Northern District of Georgia dismissed these two cases based on Plaintiff's failure to follow the lawful orders of that court. Specifically, the Northern District of Georgia directed Plaintiff to pay the requisite $350.00 filing fee before he would be permitted to proceed with those cases. When Plaintiff failed to pay his filing fees, the Northern District dismissed his cases without prejudice pursuant to that court's Local Rule 41.3A(2), which concerns dismissals for want of prosecution if a plaintiff, after notice, fails or refuses to obey a lawful order of that court. R. & R. and Order, Daker v. Robinson, 1:12-cv-00118-RWS (N.D. Ga. Sept. 12, 2013), ECF Nos. 11, p. 3; 19 (Plaintiff's complaint dismissed based on his failure to follow a court order); and R. & R. and Order, Daker v. Dawes, 1:12-cv-00119-RWS (N.D. Ga. Sept. 12, 2013), ECF Nos. 11, p. 3; 15 (same) Plaintiff's failure to pay the requisite filing fee was the manner in which he failed to abide by the Northern District's orders, but this is not the reason his complaints were dismissed. Instead, Plaintiff's complaints were dismissed for failing to follow the court's orders, and the Eleventh Circuit has found that a plaintiff's failure to follow a court's lawful order is strike-worthy as being an abuse of the judicial process. See Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (implying that the failure to comply with the court's orders is an abuse of the judicial process)[1]; Henderson v. Wright, 2012 WL 1790319, at *1 n.5 (S.D. Ga. Apr. 18, 2012) (citing Malautea

---

[1] Plaintiff notes Malautea was decided prior to the passage of the PLRA and, as such, is not binding precedent. (Doc. 12, p. 3.) However, the passage of the PLRA had no effect on Malautea's holding or precedential value.

and counting as strikes dismissals of previously-filed cases dismissed for failure to follow court orders).

By example, in Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), the Eleventh Circuit stated the district court's dismissal without prejudice of the plaintiff's case after he lied under the penalty of perjury about the existence of a previous lawsuit was "equally, if not more, strike-worthy[ ]" than the plaintiff's dismissal of his previous case as frivolous.[2] "Although the district court may not have uttered the word 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Id. (citing Roller v. Gunn, 107 F.3d 227, 234 (11th Cir. 1997) (Congress sought to curtail "abuse of the federal judicial system[.]")). Thus, it is immaterial whether a previously-filed case was dismissed with or without prejudice, as even a dismissal without prejudice can be considered a strike. Id.; D'Angelo v. Screven Cty. Comm'rs, CV616-061, 2016 WL 7013523, at *2 (S.D. Ga. Nov. 8, 2016) (noting that a dismissal for failure to exhaust administrative remedies, which are usually dismissals without prejudice, "is tantamount to one that fails to state a claim upon which relief may be granted[ ]") (internal citation and punctuation omitted)).

(2) Case Number 15-330 (2d Cir.)

Plaintiff maintains this appeal in the Second Circuit should not count as a strike because this appeal was dismissed based on a three-strikes order from the Northern District of Georgia that was later determined not to be a strike and under collateral estoppel principles. Plaintiff is mistaken.

The Second Circuit dismissed Plaintiff's appeal in this case as lacking in arguable merit legally or factually. In other words, the Second Circuit dismissed Plaintiff's appeal as being

---

[2] Rivera was abrogated on grounds unrelated to Section 1915(g) by Jones v. Bock, 549 U.S. 199, 127 (2007).

frivolous. It is immaterial that the Southern District of New York dismissed Plaintiff's complaint based on an order in a case arising in the Northern District of Georgia, even if that case was later determined not to be a strike. The Second Circuit specifically dismissed Plaintiff's <u>appeal</u> as being frivolous, and, even if this finding were erroneous, this dismissal undoubtedly counts as a strike under Section 1915(g).

### (3) Case Number 13-11630 (11th Cir.)

Plaintiff asserts this appeal should not count as a strike because the Eleventh Circuit remanded the district court's determinations in the motions for summary judgment. While the Eleventh Circuit remanded the district court's determinations as to the motions for summary judgment, the court did so in appellate Cases Numbered 13-14446 and 14-10096. However, the Eleventh Circuit found that Plaintiff's appeal in Case Number 13-11630 was frivolous, and the Eleventh Circuit's later determinations on two separate appeals—even though arising from the same district court case—is of no moment. The Eleventh Circuit determined Plaintiff's filed appeal in Case Number 13-11630 was frivolous. Accordingly, this frivolity finding also counts as a strike.

In sum, the Magistrate Judge's finding that Plaintiff has accumulated at least three strikes within the meaning of Section 1915(g) is correct.[3] The Court **OVERRULES** Plaintiff's Objection.

### B. Whether Plaintiff was in Imminent Danger of Serious Physical Injury at the Time he Filed his Complaint

Plaintiff contends that, if the Court considers him to be a three-striker, he should be permitted to proceed with his cause of action without prepaying the requisite filing fee because

---

[3] Even if the two dismissals in the Northern District of Georgia for failure to follow a court order do not constitute strikes under Section 1915(g), Plaintiff nevertheless has three strikes against him: the two appellate decisions discussed within the body of this Order and the Central District of California court's dismissal of Plaintiff's complaint filed in that court, to which Plaintiff does not object.

he meets the imminent danger exception. (Doc. 12, p. 7.) Plaintiff agrees that he has alleged that he has been faced with the danger of being shaved or forced to shave with unsanitized razors used on inmates who are HIV or hepatitis positive since 2012. Plaintiff contends that it is the policy of the Georgia Department of Corrections to shave all inmates with the same razors. (Id. at p. 8.) Plaintiff maintains that, although he has yet to contract a disease, it does not mean that he does not face this danger. Plaintiff asserts that applying the Magistrate Judge's reasoning would prevent any prisoner from qualifying for the imminent danger exception. In support of his assertion that he faced an imminent danger of serious physical injury, Plaintiff mentions that Defendant S. Williams threatened to shave Plaintiff "as recently as March 8, 2016[.]" (Id. at p. 9.) Plaintiff then provides dates on which he was forced to shave or be shaven with unsanitized clippers, such as on June 16 and August 16, 2016, and as recently as January 10, 2017. (Id.) Additionally, Plaintiff contends he meets the imminent danger exception because "Defendants" inadequately feed the prisoners on Tier II. In fact, Plaintiff maintains that he lost twenty-two (22) pounds from March 10 to May 5, 2016. (Id. at p. 13; Doc. 1, p. 71.)

Plaintiff filed his Complaint on May 17, 2016. (Doc. 1, p. 113.) By Plaintiff's own admissions, he faced a threat of being shaved with an unclean razor more than two months prior to the filing of his Complaint and was allegedly shaved with such a razor a month after he filed his Complaint. While the Court notes Plaintiff's contention that this alleged threat is ongoing, (doc. 12, pp. 10–12), Plaintiff fails to make any contention revealing that he faced this threat or that such a danger was imminent (i.e., about to occur) at the time he filed his Complaint. Moreover, although Plaintiff contends he lost more than twenty pounds while he was on Tier II due to inadequate nutrition, this contention is not related to Plaintiff's contention that he was faced with a threat of being shaved with unsanitary razors. This Court does not allow plaintiffs

8

to bring unrelated claims in a single cause of action. Fed. R. Civ. P. 20(a) (A plaintiff may not join claims and various defendants in one action unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."); Smith v. Owens, 625 F. App'x 924, 928 (11th Cir. 2015) (upholding this Court's dismissal for failure to comply with Federal Rule of Civil Procedure 20(a)). Accordingly, Plaintiff fails to meet the imminent danger exception to Section 1915(g). The Court **OVERRULES** Plaintiff's Objection.

### C. The Constitutionality of Section 1915(g)

While Plaintiff maintains that he does not have three strikes and that, even if he does, he meets the imminent danger exception, he claims that Section 1915(g) is unconstitutional in general and as applied to him. Plaintiff states the Rivera decision did not address each and every constitutional challenge to Section 1915(g), such as the issue of the First Amendment "breathing space" principle. (Doc. 12, p. 14.) Additionally, Plaintiff challenges Section 1915(g) on equal protection grounds. (Id.) Plaintiff also maintains Section 1915(g) violates his rights to free speech, religious exercise, and to access to the courts. Moreover, Plaintiff contends Section 1915(g), as applied to his appeals in Cases Numbered 13-11630 and 15-330, violates his right to due process and the First Amendment. (Id. at p. 24.)

In Rivera, the Eleventh Circuit answered many of Plaintiff's present challenges to Section 1915(g). Specifically, the Eleventh Circuit determined Section 1915(g) does not violate a prisoner-plaintiff's right of access to the courts. Rather, the court stated, "[s]ection 1915(g) does not prevent a prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying IFP ["*in forma pauperis*"] status." Rivera, 144 F.3d at 723–24 (first alteration in original) (citing Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997) (rejecting plaintiff's claim

9

that Section 1915(g) is unconstitutional because it blocks access to the courts), and Lyon v. Krol, 127 F.3d 763, 765 (8th Cir. 1997) ("Section 1915(g) does not prohibit prisoners from pursuing legal claims if they have had 'three strikes' or three prior dismissals. It only limits their ability to proceed [IFP].")). The Eleventh Circuit asserted, "proceeding IFP is a privilege, not a right—fundamental or otherwise." Id. at 724. The Eleventh Circuit continued by stating that Rivera's claims of deliberate indifference to serious medical needs did not implicate a fundamental right, such as "state controls or intrusions on family relationships." Id. (internal citation omitted).

The Eleventh Circuit also determined the three strikes provision does not violate a litigant's right to due process or to equal protection. Id. at 727 (citing Parsell v. United States, 218 F.2d 232, 235 (5th Cir. 1955) (denying leave to proceed IFP "does not offend the requirements of due process"), and Hampton v. Hobbs, 106 F.3d 1281, 1287 (6th Cir. 1997) ("Hampton's ability to petition the government for redress of grievances has not been deprived or limited by the [PLRA] and thus that interest cannot provide the basis for a due process violation.")).

As for an equal protection argument, the Eleventh Circuit noted the equal protection clause is not implicated if a law does not burden a fundamental right or target a suspect classification. Id. The Eleventh Circuit determined that Rivera did not and could not contend "that prisoner indigents (specifically, frequent filer prisoner indigents) form a suspect or quasi-suspect class." Id. (citations omitted). The court had already rejected Rivera's fundamental rights argument and declined his "invitation to review section 1915(g) under any standard more onerous than rational basis." Id. The Eleventh Circuit noted Congress enacted Section 1915(g) to curb "abusive prisoner tort, civil rights and conditions litigation" and to preserve "scarce judicial resources" and determined this law serves those ends "through its requirement that

prisoner indigents with three strikes prepay the entire filing fee before the court may further review their lawsuit (unless imminent danger of serious physical injury exists)." Id.

The Seventh Circuit Court of Appeals had occasion to tangentially address the "breathing space" principle Plaintiff advances here. Lewis v. Sullivan, 279 F.3d 526 (7th Cir. 2002).[4] In Lewis, the Seventh Circuit reversed the judgment of the district court that Section 1915(g) "would be unconstitutional unless read to allow judges to dispense with prepayment whenever, in their discretion, they viewed the prisoners' claims to be substantial." Lewis, 279 F.3d at 527 (citing 135 F. Supp. 2d 954 (W.D. Wis. 2001)). In so doing, the Seventh Circuit looked to the decisions of the other seven Courts of Appeals concerning constitutionality challenges to Section 1915(g), including the Eleventh Circuit's decision in Rivera. The Seventh Circuit noted Section 1915(g) had been challenged on several grounds, including the right to access the courts, due process, and the First Amendment right to petition for redress of grievances, and none of the challenges had been successful. Id. at 528 (collecting cases). The Seventh Circuit agreed with its sister Circuits which had decided the issue and found the "decisions to be sound," because "there is no constitutional entitlement to subsidy." Id. "Federal courts are subsidized dispute-resolvers; filing fees defray only a small portion of the costs. A requirement that plaintiffs cover some of these costs cannot be called unconstitutional. The Supreme Court has never held that access to the courts must be free; it has concluded, rather, that reasonably adequate opportunities for access suffice." Id. (citing Lewis v. Casey, 518 U.S. 343 (1996)). This Court agrees with the Seventh Circuit's analysis and conclusion.

---

[4] It appears that the typewritten pages Plaintiff submitted in support of his constitutionality challenges were from the plaintiff-appellee's brief on appeal to the Seventh Circuit in Lewis. Brief for Plaintiff-Appellee at 16–21, Lewis v. Sullivan, 279 F.3d 526 (2002) (Nos. 01-2251, 01-2252), 2001 WL 34135939, at *12–15, *27–31 (Sept. 4, 2001). While the Seventh Circuit did not directly address the "breathing space" principle advanced in the plaintiff-appellee's brief, that court implicitly rejected the application of this principle to Section 1915(g) in finding that plaintiff-appellee's constitutional challenges to Section 1915(g) were without merit.

Plaintiff's constitutional challenges to Section 1915(g), whether generally or to his situation, are without merit, as has been determined by the Eleventh Circuit, other Courts of Appeals, and this Court. What is more, Plaintiff does not attempt to show how Section 1915(g) violates his or any other frequent filer's constitutional rights. Instead, Plaintiff makes blanket statements in this regard. However, even if Plaintiff had provided reasoning in support of his arguments, such reasoning would be without merit. Having to prepay his filing fee before the Court addresses the relative merits of his claims, unless he shows he is in imminent danger of serious physical injury, does not violate Plaintiff's rights. Consequently, the Court **OVERRULES** Plaintiff's Objection.[5]

## II. Motion to Consolidate (Doc. 13)

Plaintiff moves the Court to reopen a previously closed case, Case Number 6:14-cv-47, pursuant to Federal Rule of Civil Procedure 59(e) and to consolidate this case with Case Number 6:14-cv-47. Plaintiff contends his Complaint in Case Number 6:14-cv-47 was dismissed in error in light of the Eleventh Circuit's determination in Daker. (Doc. 13, p. 2.) Plaintiff asserts that many of the claims he raises in his Complaint in this case are the same as the claims he raised in Case Number 6:14-cv-47, and his claims in this case should not be dismissed for many of the same reasons he advanced in his Objections to the Report and Recommendation. (Id. at p. 3.) Plaintiff maintains consolidating these two cases would expedite his claims, save the Court's time, save him from having to pay a second filing fee, and render it unnecessary for the Court to address the three strikes issues in this case. (Id.)

---

[5] In his remaining Objections, Plaintiff requests that the Court review the merits of his Motions for Preliminary Injunctions based on his Objections to the substance of the Magistrate Judge's Report and Recommendation and that the Court ignore the Magistrate Judge's comments on Plaintiff's allegations of poverty. Because Plaintiff's substantive Objections to the Report and Recommendation are without merit, the Court need not address his remaining Objections.

The Court entered judgment dismissing Plaintiff's Complaint in Case Number 6:14-cv-47 on October 9, 2014. Order & J., Daker v. Head, et al., 6:14-cv-47 (S.D. Ga. Oct. 9, 2014), ECF Nos. 21, 22. Thus, any motion to alter or amend this judgment made pursuant to Rule 59(e) would have to have been filed no more than twenty-eight (28) days later. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). In addition, Plaintiff should have filed any motion to alter or amend the judgment in Case Number 6:14-cv-47, not in this case.[6] In fact, Plaintiff has filed a motion for relief from judgment in Case Number 6:14-cv-47, albeit pursuant to Federal Rule of Civil Procedure 60(b) and not Rule 59(e). Mot., Daker v. Head, 6:14-cv-47 (S.D. Ga. Feb. 1, 2017), ECF No. 58.

"If actions before the Court involve a common question of law or fact, the court may" "consolidate the actions[.]" Fed. R. Civ. P. 42(a)(2). Plaintiff's causes of action may involve common questions of fact, but this Court's determinations of Plaintiff's status as a three striker at the time he filed his Complaint in this case and at the time he filed his Complaint in Case Number 6:14-cv-47 could differ. In addition, because Plaintiff seeks to consolidate this case, which is subject to dismissal, with a case that has already been dismissed, the Court **DENIES** Plaintiff's Motion to Consolidate. See Watkins v. Capital City Bank, 2014 WL 5364798 (S.D. Ga. Oct. 20, 2014) (denying as moot a motion to consolidate a cause of action with a suit that was no longer pending).

---

[6] A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

## III. Motion for Reconsideration (Doc. 14)

Plaintiff objects to the Magistrate Judge's denial of Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and his Motion to Expedite for the "same reasons" he objects to the Report and Recommendation.

The Magistrate Judge's denials of Plaintiff's Motion to Proceed *in Forma Pauperis* and Motion to Expedite are not clearly erroneous, nor are they contrary to law. Fed. R. Civ. P. 72(a). Based on the reasoning contained in the Magistrate Judge's Report and Recommendation, and as supplemented herein, the Court **DENIES** Plaintiff's Motion. The Court's Order dated January 19, 2017, shall remain the Order of the Court.

## IV. Motion to Certify (Doc. 15)

Finally, Plaintiff moves the Court to certify the question of the constitutionality of Section 1915(g) pursuant to 28 U.S.C. § 2403(a). "In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality." 28 U.S.C. § 2403(a).

For the reasons set forth herein and in the Magistrate Judge's Report and Recommendation, the Court **DENIES** Plaintiff's Motion. The Eleventh Circuit and other courts have addressed the constitutionality of Section 1915(g) on several occasions and have refused to find this statute to be unconstitutional. See, e.g., Rivera, 144 F.3d at 722 (noting the United States intervened pursuant to Section 2403(a)). Additionally, Plaintiff has filed the same motion/request in one of his many pending appeals with the Eleventh Circuit, and the Eleventh

Circuit is the more appropriate court to address the viability of Plaintiff's constitutional challenge to Section 1915(g). Not., <u>In re: Waseem Daker</u>, 17-10079 (11th Cir. Jan. 6, 2017). Accordingly, this Court **DENIES** Plaintiff's Motion.

## CONCLUSION

For the above-stated reasons, the Court **OVERRULES** Plaintiff's Objections, **CONCURS** with the Magistrate Judge's Report and Recommendation and **ADOPTS** that Report and Recommendation, as supplemented herein, as the opinion of the Court. The Court **DISMISSES** Plaintiff's Complaint **without prejudice** pursuant to 28 U.S.C. § 1915(g), **DISMISSES as moot** Plaintiff's Motions for Preliminary Injunction, (docs. 4, 5, 6), and **DIRECTS** the Clerk of Court to **CLOSE** this case. The Court **DENIES** Plaintiff *in forma pauperis* status on appeal. In addition, the Court **DENIES** Plaintiff's Motion to Consolidate, Motion for Reconsideration, and Motion to Certify.

**SO ORDERED**, this 20th day of March, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA